UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of | 101 West Lombard Street |
| **GEORGE L. RUSSELL, III** | Baltimore, Maryland 21201 |
| United States District Judge | 410-962-4055 |

August 1, 2016

MEMORANDUM TO COUNSEL RE:    Westminster Surgery Center, LLC v. Cigna
Health and Life Insurance Co., et al.
Civil Action No. GLR-15-3576

Dear Counsel:

Pending before the Court are Defendants', Cigna Health and Life Insurance Co. and Connecticut General Life Insurance Company (collectively, "Cigna"), Motion to Dismiss the Small Claim Complaint and in the Alternative to Transfer (ECF No. 18), and Plaintiff's, Westminster Surgery Center, LLC ("Westminster"), Motion to Remand (ECF No. 23). The Motions are ripe for disposition. Having considered the Motions and the supporting documents, the Court finds no hearing necessary. See Local Rule 105.4 (D.Md. 2016). For the reasons stated below, the Court will grant the Motion to Transfer and deny the Motion to Remand.

On July 6, 2015, Westminster filed this action in the District Court for Carroll County, Maryland, raising a "bad faith insurance claim" against Cigna. (ECF No. 1-1). On September 1, 2015, Cigna filed Notices of Intention to Defend. (ECF No. 1-2). On October 23, 2015, Westminster filed an Amended Complaint changing the claim to one for breach of contract. (ECF No. 2). On November 10, 2015, Cigna's counsel received an email stating that the information in the Complaint and Amended Complaint was inaccurate and the insurance plan implicated in this matter is governed by the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq. (2012). (ECF No. 1-5). On November 24, 2015, Cigna removed the action to this Court based on federal-question jurisdiction under 28 U.S.C. § 1331 (2012). (ECF No. 1).

On December 1, 2015, Cigna filed a Motion to Dismiss the Small Claim Complaint and in the Alternative to Transfer. (ECF No. 18). On December 18, 2015, Westminster filed a Motion to Remand and Opposition to the Motion to Dismiss. (ECF No. 23). Cigna filed an Opposition to the Motion to Remand and a Reply in support of its Motion on January 7, 2016. (ECF No. 24). On January 27, 2016, Westminster filed a Reply in support of its Motion. (ECF No. 25).

**Motion to Remand**

A defendant may remove any civil action brought in a state court of which a federal district court has original jurisdiction. 28 U.S.C. § 1441(a). A district court has original jurisdiction over civil claims arising under federal law. Id. § 1331. When the plaintiff challenges the propriety of removal, the defendant bears the burden of proving that removal was proper. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). On a motion to remand, the court must

"strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." Richardson v. Phillip Morris Inc., 950 F.Supp. 700, 702 (D.Md. 1997) (quoting Creekmore v. Food Lion, Inc., 797 F.Supp. 505, 507 (E.D.Va. 1992)).  "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of . . . [any] other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The United States Court of Appeals for the Fourth Circuit has determined that the "other paper" requirement is broad enough to include any information received by the defendant, 'whether communicated in a formal or informal manner.'" Link Telecomms., Inc. v. Sapperstein, 119 F.Supp.2d 536, 542 (D.Md. 2000) (quoting Yarnevic v. Brink's, Inc., 102 F.3d 753, 755 (4th Cir. 1996)).

It is undisputed that the face of the original and Amended Complaints include inaccurate patient and employer information.  Cigna first learned that the Complaints were inaccurate on November 10, 2015 in an email from counsel in a related case.  Such an email can be considered "other paper" under § 1446(b)(3).  Upon investigation of the information provided in the November 10, 2015 email, Cigna then determined that this matter involved an insurance plan governed by ERISA.  Cigna filed its Notice of Removal within thirty days of receiving the email—on November 24, 2015.  As such, the Court concludes that this matter was timely removed and will deny the Motion to Remand.

**Motion to Dismiss or Transfer**

Westminster and Cigna agree that this matter should be transferred to United States District Court for the District of Colorado pursuant to the first-to-file rule.  "When multiple suits are filed in different federal courts involving the same factual issues, courts usually permit the first-filed action to proceed to the exclusion of the subsequently filed suit." Traylor v. Tropicana Prods., Inc., No. 812-cv-01435-AW, 2012 WL 2564817, at *2 (D.Md. June 29, 2012).  This first-to-file rule "generally affords 'priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction.'" LWRC Int'l, LLC v. Mindlab Media, LLC, 838 F.Supp.2d 330, 337 (D.Md. 2011) (quoting Nw. Airlines, Inc. v. Am. Airlines, Inc., 989 F.2d 1002, 1006 (8th Cir. 1993)).

Westminster admits that the action in the U.S. District Court for the District of Colorado was filed in December 2013 and "is already . . . pending between these parties involving the same issues." (ECF No. 23-1).  The Court will, therefore, grant Cigna's Motion and transfer this case to the District of Colorado.

For the foregoing reasons, Cigna's Motion to Dismiss the Small Claim Complaint and in the Alternative to Transfer (ECF No. 18) is GRANTED and Westminster's Motion to Remand (ECF No. 23) is DENIED.  The Clerk shall TRANSFER this matter to the U.S. District Court for the District of Colorado.  Despite the informal nature of this memorandum, it shall constitute an Order of this

Court, and the Clerk is directed to docket it accordingly and CLOSE this case.[1]

Very truly yours,

/s/

_____
George L. Russell, III
United States District Judge

---

[1] Also pending is Cigna's Motion to Strike Amended Complaint or, alternatively, for Continuance Based on Late-Filed Amendments. (ECF No. 10). Because the Court will transfer this matter, the Court will deny the Motion without prejudice. Cigna may choose to refile the Motion in the U.S. District Court for the District of Colorado.